[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The petitioner was convicted after trial by jury of Sale of Narcotics by a non-drug dependent person in violation of Conn. Gen. Stats. 21a-278(b) and Conspiracy to Distribute Narcotics in violation of Conn. Gen. Stats. 53a-48 and21a-277(a). The sentencing court imposed a sentence of seventeen years to serve on the first count and five years to serve on the second count. The court imposed the second count concurrently for a total effective sentence of seventeen years to serve. A fine of $5,000 plus costs was CT Page 1196 also imposed.
Undercover officers of the Manchester Police Department negotiated a purchase of two ounces of cocaine from an individual identified as one of the co-defendants, which was to take place at the Roy Rogers Restaurant on Spencer Street in Manchester. The purchase price was to be $2,200. The individual identified said he would be in the "guys" car. At the appointed time the vehicle as described arrived in the vicinity and the defendant met with the undercover officer and did conclude the sale as described. During this period of time, a second individual exited the car and took up a surveillance position in the parking lot where he could provide cover while the sale was conducted. The petitioner drove the car in which the individuals arrived at the scene and took a position in the middle of the parking lot watching the sale take place from a distance. After the conclusion of the sale, as the two individuals who had exited the car walked towards it, the petitioner pulled out of his parking spot and picked them up. He started to drive away, at which point he was stopped and placed under arrest, as were the others in the vehicle.
At the hearing counsel for the petitioner called the sentence imposed an exceptionally harsh sentence. He claimed that the sentence was far in excess of what took place, noting that based upon his experience the "going rate" was about five years. He stressed his client had no prior criminal record, he had a significant work history and was found to be "trustworthy" in his job prior to this offense. In his job at Travelrama petitioner handled the receipts of the day. Counsel also noted that the petitioner was a family man who worked hard to support his children.
Petitioner addressed the panel claiming that he participated in the drug transaction innocently not realizing a drug deal was going on. He further argued that he does not do drugs and that he detests their use.
The state's attorney argued that the sentence was fair and that the petitioner deserved the upper range of 20 years for his participation in these crimes.
In reviewing the sentencing remarks of the court it is clear that the court correctly stated the goals and purposes CT Page 1197 of sentencing. The court also recognized that the trafficking of drugs is "a blight in our society."
However, when comparing the factual basis of the crime, the lack of record by the petitioner, his steady work habits and support of his intact nuclear family, this Division finds the sentence is disproportionate. As such, the Division remands the matter to the Superior Court to impose a sentence of twelve years to serve on the first count and five years to serve on the second count, each to run concurrently for a total effective sentence of twelve years to serve and a $5,000 fine.
PURTILL, J. NORKO, J. KLACZAK, J.
Judges Purtill, Norko and Klaczak participated in this decision.